# EXHIBIT B

IN THE SUPERIOR COURT OF PEACH COUNTY
STATE OF GEORGIA

STATE OF GEORGIA *ex rel.*
K. DAVID COOKE, JR.,
District Attorney for the Macon
Judicial Circuit,

Plaintiff,

vs.

RONNIE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

LEE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

CAPTAIN JACK'S CRAB SHACK, INC. d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 30118;

Defendants *in personam*,

and

UNITED STATES CURRENCY, ELECTRONIC GAMBLING MACHINES, and THE PERSONAL PROPERTY of RONNIE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

UNITED STATES CURRENCY, ELECTRONIC GAMBLING MACHINES, and THE PERSONAL PROPERTY of LEE BARTLETT, individually and d/b/a CAPTAIN

CIVIL ACTION

FILE NO. 15-V-0115

GEORGIA, PEACH COUNTY
Clerk's Office, Superior Court
Filed in Office 5th
day of May 20 15
Clerk

SUMMONS SC-85-1 Clyde Castleberry Co., Covington, GA 30015

IN THE SUPERIOR/~~STATE~~ COURT OF Peach COUNTY

STATE OF GEORGIA

State of Georgia

PLAINTIFF

CIVIL ACTION NUMBER 15-V-0115

VS.

Ronnie Bartlett d/b/a Captain Jack's Crab Shack; Lee Bartlett; Captain Jack's Crab Shack Inc

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Michael G. Lambros
Special Assistant District Attorney
1355 Peachtree Street, N.E. Suite 1280
Atlanta, GA. 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 20 15

JOE WILDER
Clerk of Superior/~~State~~ Court

BY ______________________
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SUMMONS SC-85-1 Clyde Castleberry Co., Covington, GA 30015

IN THE SUPERIOR/~~STATE~~ COURT OF Peach COUNTY

STATE OF GEORGIA

State of Georgia

PLAINTIFF

CIVIL ACTION NUMBER: 15-V-0115

VS.

Ronnie Bartlett d/b/a Captain Jack's Crab Shack; Lee Bartlett; Captain Jack's Crab Shack Inc

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Michael G. Lambros
Special Assistant District Attorney
1355 Peachtree Street, N.E. Suite 1280
Atlanta, GA. 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 5th day of May, 20 15.

JOE WILDER
Clerk of Superior/~~State~~ Court

BY [signature]
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**IN THE SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

STATE OF GEORGIA *ex rel.* K. DAVID COOKE, JR., District Attorney for the Macon Judicial Circuit,

Plaintiff,

vs.

RONNIE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

LEE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

CAPTAIN JACK'S CRAB SHACK, INC. d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 30118;

Defendants *in personam*,

and

UNITED STATES CURRENCY, ELECTRONIC GAMBLING MACHINES, and THE PERSONAL PROPERTY of RONNIE BARTLETT, individually and d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;

UNITED STATES CURRENCY, ELECTRONIC GAMBLING MACHINES, and THE PERSONAL PROPERTY of LEE BARTLETT, individually and d/b/a CAPTAIN

CIVIL ACTION

FILE NO. 15-V-0115

GEORGIA, PEACH COUNTY
Clerk's Office, Superior Court
Filed in Office 5th
day of May 20 15
[signature] Clerk

**JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 31008;** (

**UNITED STATES CURRENCY, ELECTRONIC GAMBLING MACHINES, and THE PERSONAL PROPERTY of CAPTAIN JACK'S CRAB SHACK, INC. d/b/a CAPTAIN JACK'S CRAB SHACK located at 107 Chapman Road, Byron, Georgia 30118;** (

**Defendants *in rem*.** (

**COMPLAINT FOR RELIEF AND NOTICE OF SEIZURE UNDER THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

The State of Georgia *ex rel.* K. David Cooke, Jr., District Attorney for the Macon Judicial Circuit, ("State") files this Complaint against the Defendants *in personam* and *in rem* named herein pursuant to the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 *et seq.*, (hereinafter referred to as the "Georgia RICO Act") (and the Georgia Gambling Act, O.C.G.A. § 16-12-20 *et seq.*, showing this Court,) in support thereof, the following:

## I. INTRODUCTION

1.

This is a civil action brought by the State of Georgia pursuant to O.C.G.A. § 16-14-6(a) and (b) seeking the equitable relief provided for and authorized by O.C.G.A. § 16-14-6(a) against the persons named as Defendants *in personam* in this Complaint. The State of Georgia also seeks injunctive relief against the Defendants *in personam* and the appointment of a receiver.

2.

This is also a RICO forfeiture proceeding brought by the State of Georgia pursuant to O.C.G.A §§ 16-14-7(b) and (c) and seeks forfeiture to the State, pursuant to O.C.G.A. §§ 16-14-7(a), of all property named and identified as Defendants *in rem* in this Complaint, as well as property of every kind that the Defendants *in personam* have used or intended for use in the course of, derived from, or realized through a pattern of racketeering activity as more particularly set forth in this Complaint.

## II. PARTIES JURISDICTION AND VENUE

3.

Defendant *in personam* Ronnie Bartlett, individually and d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 ("R. Bartlett") is subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure at 75 Choctaw Lane, Byron, Georgia 31008.

4.

Defendant *in personam* Lee Bartlett, individually and d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 ("L. Bartlett") is subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure at 75 Choctaw Lane, Byron, Georgia 31008.

5.

Defendant *in personam* Captain Jack's Crab Shack, Inc. d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 ("Captain Jack's, Inc.") is subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure

through its registered agent Donald J. Grisewood, Sr. at 5058 LaVista Road, Tucker, Georgia 30084.

6.

Defendants *in rem* United States Currency and Personal Property seized on May 5, 2015 from the business known as Defendant Ronnie Bartlett, individually and d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 are subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure through their owner Ronnie Bartlett at 75 Choctaw Lane, Byron, Georgia 31008.

7.

Defendants *in rem* United States Currency and Personal Property seized on May 5, 2015 from the business known as Defendant Lee Bartlett, individually and d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 are subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure through their owner Lee Bartlett at 75 Choctaw Lane, Byron, Georgia 31008.

8.

Defendants *in rem* United States Currency and Personal Property seized on May 5, 2015 from the business known as Defendant Captain Jack's Crab Shack, Inc. d/b/a Captain Jack's Crab Shack located at 107 Chapman Road, Byron, Georgia 31008 are subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure through their purported Captain Jack's Crab Shack, Inc.'s registered agent Donald J. Grisewood, Sr. at 5058 LaVista Road, Tucker, Georgia 30084.

9.

Defendants *in rem* Electronic Gambling Machines seized on May 5, 2015 are subject to the jurisdiction and venue of this Court and can be served with process and Notice of Seizure through their purported owner.

## III. THE RICO ENTERPRISE

10.

The RICO Enterprise has as its purpose, *inter alia*, placing electronic gambling machines, such as the ones seized by law enforcement officers, at a purported legitimate business location in Peach County, so that customers of the business at the location may illegally gamble on the machines for the chance of winning cash prizes.

11.

Another purpose of the RICO Enterprise is for the Defendants *in personam* and others to take their portion of the monies derived from the illegal gambling and to therewith acquire and maintain, directly and indirectly, interest in and control of various enterprises, real property, and personal property.

12.

Another purpose of the RICO Enterprise is for the Defendants *in personam* and others to take their portion of the monies derived from the illegal gambling and unlawfully transfer it in interstate commerce by means whereby such transfers are undetected by governmental authorities.

13.

Beginning no later than January 1, 2014 and continuing through the present, the Defendants *in personam* and others engaged in and committed at least two or more acts of

racketeering activity including, but not limited to, Commercial Gambling, Laundering of Monetary Instruments and False Reporting to Governmental Entities.

14.

The relationship between the Defendants *in personam* and others constitutes an "enterprise" pursuant to O.C.G.A. § 16-14-3(6) (hereinafter referred to as "RICO Enterprise").

15.

The operation of the RICO Enterprise and all acts of racketeering therein occurred after July 1, 1980 and within four (4) years of one another.

16.

Through a pattern of racketeering activity, the Defendants *in personam* and others unlawfully obtained money, and with such money acquired and maintained, both directly and indirectly, interests in and control of property including, but not limited to, United States Currency, business property, and the properties named as Defendants *in rem* seized in Peach County.

17.

At all relevant times, cash payments were made by Defendants *in personam* and others to customers who gambled and won on the electronic gambling machines at the business location identified herein.

18.

At all relevant times, Defendant Ronnie Bartlett was the principal and control person of the RICO Enterprise in that he owned and operated, in Peach County, a purported legitimate business at which the Defendants *in rem* Electronic Gambling Machines were placed for

purposes of illegal gambling, to wit: Defendant Captain Jack's Crab Shack ("Gambling Location").

19.

In furtherance of the RICO Enterprise, R. Bartlett established the named corporate Defendant Captain Jack's Crab Shack, Inc. as a sham entity to further the RICO Enterprise.

20.

In furtherance of the RICO Enterprise, R. Bartlett established the Gambling Location as a purported legitimate retail store, but in fact at all relevant times, the Gambling Location was a front for illegal gambling.

21.

At all relevant times there were an average of six (6) electronic gambling machines located at the Gambling Location.

22.

At all relevant times the Defendants *in personam* and others used a device at the Gambling Location known as a "Mutha Goose" to electronically transmit gambling information such as bets and winnings to a central location typically behind the counter at the Gambling Location.

23.

Customers who played the Electronic Gambling Machines would insert cash into Electronic Gambling Machines to gamble, hit a "stop play" or "cash out" button, and proceed to the cashier or clerk to collect their winnings.

24.

The winnings and other gambling information would be electronically transmitted to the clerk via the Mutha Goose so that the clerk would know what machine the customer played and the amount of cash to be paid.

25.

On information and belief the Gambling Location netted in excess of $25,000.00 per month in cash from the illegal gambling.

26.

On information and belief, the Defendants *in personam* and others conspired with one another to submit false State of Georgia tax returns by underreporting their true income including, but not limited to, the monies derived from the electronic gambling machines.

27.

On information and belief the Defendants *in personam* and others conspired with one another to launder money derived from the illegal gambling proceeds as described herein by, *inter alia*, transferring funds by wire transfer and/or money order under a certain amount so as to not be detected as suspicious activity.

28.

The Defendants *in personam* and others established a RICO Enterprise, which was in effect an illegal commercial gambling operation in violation of Georgia law, for the purpose of obtaining United States Currency through a pattern of racketeering activity.

29.

The Defendants *in personam* and others, in furtherance of their RICO Enterprise, placed electronic gambling machines in various locations for the purpose of using those locations for the operation of an illegal commercial gambling place.

30.

The Defendants *in personam* and others' participation in the RICO Enterprise included but is not limited to the operation of a gambling place, participation in the earnings of a gambling place, and acting as a custodian of a value bet for gain in violation of Georgia law.

31.

The Defendants *in personam* and others, in furtherance of the RICO Enterprise, would receive information regarding successful wagers and provide United States Currency to pay out winnings earned by patrons as a result of playing the electronic gambling machines located on the premises. The illegal acts committed by Defendants *in personam* constitute predicate acts under the Georgia RICO Act.

## IV. THE SCHEME AND PREDICATE ACTS

32.

The object of the scheme devised by the Defendants *in personam* and others was to obtain money through a pattern of racketeering activity.

33.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County, Georgia, commit multiple acts of commercial gambling in violation of O.C.G.A. § 16-12-22, to wit: the

Defendants *in personam* operated and participated in the earnings of a gambling place, said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8)(A) and (9)(A)(xvii).

34.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in PEACH County, use various locations as a cover to commit the offense of communicating gambling information in violation of O.C.G.A. § 16-12-28, to wit: Defendants *in personam* maintained equipment for the transmission or receipt of information with the intent to further gambling, said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8) (A) and (9) (A) (xxix).

35.

Beginning no later than January 1, 2014 and continuing through the present the Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County use various locations including the one specifically referred to in this Complaint, as cover to commit multiple acts of commercial gambling in violation of O.C.G.A. § 16-12-22, said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8) (A) and (9) (A) (xvii).

36.

Beginning no later than January 1, 2014 and continuing through the present the Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County commit multiple acts of illegal gambling in violation of 18 U.S.C. § 1955 (Prohibition of Illegal Gambling Business), said offense constituting racketeering activity under O.C.G.A. § 16-14-3(9) (B).

37.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in PEACH County, knowingly make false and fraudulent statements in violation of O.C.G.A. § 16-10-20, to wit: Defendants *in personam* did submit false and fraudulent State of Georgia tax returns to the Georgia Department of Revenue, said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8)(A) and 16-14-3(9)(A)(xv).

38.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County, knowingly conduct or attempt to conduct a financial transaction involving proceeds of a specified unlawful activity with the intent to promote the carrying out of the specified unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8)(A) and (9)(A)xxix).

39.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County knowingly conduct or attempt to conduct financial transactions involving proceeds of a specified unlawful activity with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956 (a)(1)(B)(i), said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8)A) and (9)(A)(xxix).

40.

Beginning no later than January 1, 2014 and continuing through the present, Defendants *in personam* and others, in furtherance of the RICO Enterprise, did in Peach County engage in a monetary transaction involving criminally derived property having a value greater than $10,000.00, knowing that the property was derived from unlawful activity in violation of 18 U.S.C. § 1957, said offense constituting racketeering activity under O.C.G.A. §§ 16-14-3(8)A) and (9)(A)(xxix).

COUNT ONE

Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A § 16-14-1 *et seq.*
(Relief Pursuant to O.C.G.A. § 16-14-6)

41.

Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 40 of this Complaint as if the same were fully set forth herein.

42.

Defendants *in personam* are "persons" for purposes of O.C.G.A. § 16-14-4.

43.

The association in fact of the Defendants *in personam* with one another and with others constitutes an "enterprise" pursuant to O.C.G.A. § 16-14-3(6).

44.

The conduct of the Defendants *in personam* and others constitutes a pattern of racketeering activity under the Georgia RICO Act and includes, but is not limited to, multiple violations of Section 22 of Chapter 12 of Title 16 of the Official Code of Georgia relating to

commercial gambling, Section 20 of Chapter 10 of Title 16 of the Official Code of Georgia relating to perjury and other falsifications, and Money Laundering pursuant to 18 U.S.C. § 1961.

45.

All of the predicate acts of racketeering activity under Georgia RICO occurred after July 1, 1980 and the last of such incidents occurred within four years after the commission of a prior incident of racketeering activity.

46.

Through the pattern of racketeering activity and the proceeds derived therefrom as described hereinabove, the RICO Enterprise has acquired and maintained, both directly and indirectly, interests in and control of property including, but not limited to United States Currency, business property and other property.

47.

As a direct and proximate result of the violations committed by Defendants *in personam* and others of O.C.G.A. § 16-14-4(a) through (c), Plaintiff is entitled to the relief provided for in O.C.G.A. § 16-14-6-(a) (1) through (5).

COUNT TWO

Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A § 16-14-1 *et seq.*
(Relief Pursuant to O.C.G.A. § 16-14-7 as to the Defendants *in Rem*)

48.

Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 47 of this Complaint as if the same were fully set forth herein.

49.

Plaintiff is entitled to obtain forfeiture to the State of all property of every kind used or intended for use in the course of, derived from, or realized through the foregoing pattern of racketeering activity pursuant to O.C.G.A. § 16-4-7(a). Such property includes, but is not limited to, the property named hereinabove as Defendants *in rem*.

## COUNT THREE

Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A § 16-14-1 *et seq.*
(Injunctive Relief Pursuant to O.C.G.A. §§16-14-6(b), 16-14-9 and 9-11-65 as to all Defendants)

50.

Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 49 of this Complaint as if the same were fully set forth herein.

51.

The Defendants *in personam* have in their possession, custody, and control property, including money, in addition to the property listed as Defendants *in rem* which was used to further, or which was obtained, and derived through the unlawful acts, practices and transactions more particularly described hereinabove.

52.

Unless restrained and enjoined by the Court, the Defendants *in personam* will conceal and dispose of such real and personal property, including money.

53.

This Court should temporarily and permanently enjoin Defendants *in personam* from disposing, conveying, transferring, assigning or otherwise alienating properties which were used

to further, obtained and derived through unlawful acts as well as property named hereinabove until further order of this Court.

54.

This Court has the authority to grant the injunctive relief sought by Plaintiff pursuant to O.C.G.A. §§ 16-14-6(b), 16-14-9 and 9-11-65.

COUNT FOUR

Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A § 16-14-1 *et seq.*
(Appointment of a Receiver as to All Defendants *In Rem* and Businesses)

55.

Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 54 of this Complaint as if the same were fully set forth herein.

56.

As a consequence of the unlawful acts, practices, and transactions, as more fully set forth hereinabove, the Defendants *in personam* have directly and indirectly, acquired and accumulated property and assets in addition to properties named in this Complaint, and other monies and funds directly traceable to and derived from criminal activity.

57.

Plaintiff is entitled to the appointment of a receiver with all the power and authority generally exercisable by receivers under the laws of this State, including, without limitation, the power and authority:

(a) to take immediate custody, control, and possession of the assets of any properties named herein as Defendants *in rem*;

(b) to marshal and account to this Court for the assets seized;

(c) to preserve and protect such assets pending further order of this Court; and

(d) to take such action as may be directed by the Court to insure the availability of such assets to respond to any judgment the Court may enter in this action.

COUNT FIVE

Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A § 16-14-1 *et seq.*
(Relief as to all Defendants)

58.

Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 57 of this Complaint as if the same were fully set forth herein.

59.

Pursuant to O.C.G.A. § 16-14-9, Plaintiff is entitled to such other and further remedies against all the Defendants under the Georgia RICO Act or any other provision of law that may be appropriate and proper.

WHEREFORE, Plaintiff prays for relief against all the Defendants as follows:

(1) Under Count One:

(a) that the Court, pursuant to O.C.G.A.§ 16-14-6(a)(1), order the Defendants *in personam* to divest themselves of any interests in any enterprise, real property or personal property acquired by them directly or indirectly, for the acts, practices and transactions in which they have engaged through their violations of the Georgia RICO Act regardless of whether title to such property and assets is held by them legally, equitably or beneficially, and that the Defendants *in personam* provide a full and complete accounting of all monies obtained by them as well as an accounting of the

expenditure of the proceeds to purchase, acquire, and obtain all property of whatever kind and description and wherever located;

(b) that the Court, pursuant to O.C.G.A.§ 16-14-6(a)(2), impose reasonable restrictions upon the future activities and investments of the Defendants *in personam* including, but not limited to, prohibiting them from engaging in the same type of endeavors as the enterprise alleged hereinabove;

(c) that the Court, pursuant to O.C.G.A.§ 16-14-6(a)(3), order the dissolution of any RICO enterprise controlled, owned or operated by any of the Defendants *in personam*;

(d) that the Court, pursuant to O.C.G.A.§ 16-14-6(a)(4), order the suspension or revocation of any license, permit, or prior approval granted to any enterprise by any agency of the State;

(e) that the Court, pursuant to O.C.G.A. § 16-14-6(a)(5), order the forfeiture of the corporate charters of the corporate defendants; and

(f) that the Court issue such additional appropriate orders and judgments as may be proper to effectuate the relief sought under this Count One.

(2) Under Count Two:

that the Court enter judgment in favor of the Plaintiff and against the Defendants forfeiting to the State all property of every kind used or intended for use in the course of, derived from, or realized through the pattern of racketeering activity described in this Complaint;

(3) Under Count Three:

the Court temporarily and permanently enjoin the Defendants *in personam* from disposing, conveying, transferring, assigning, or otherwise alienating property, both personal and real, including money, listed as a Defendant *in rem*, and other properties which were used to further, obtained and/or derived through unlawful acts until further Order of this Court;

(4) Under Count Four:

the Court appoint a receiver over all property of Defendants *in personam*, property listed as Defendants *in rem*, as well as or other properties which were used to further, obtained and/or derived through unlawful acts and that such receiver be vested with all the power and authority generally exercisable by receivers under the laws of this State, including, without limitation, the power and authority:

(a) to take immediate custody, control, and possession of any property listed as Defendants *in rem*, as well as other properties which were used to further, obtained and/or derived through unlawful acts;

(b) to marshal and account to this Court for the assets seized;

(c) to preserve and protect such assets pending further order of this Court; and

(d) to take such action as may be directed by this Court to insure the availability of such assets to respond to any judgment the Court may enter in this action;

(5) Under Count Five:

the Court order any other relief that it deems appropriate and proper pursuant to O.C.G.A §16-14-9; and

(6) that the Court grant to Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully submitted this 5th day of May, 2015.

K. DAVID COOKE, JR.
District Attorney for the Macon Judicial Circuit
Georgia Bar No. 184584

MICHAEL G. LAMBROS
Special Assistant District Attorney
Georgia Bar No. 432113

Please direct all communications to:

Michael G. Lambros
Special Assistant District Attorney
1355 Peachtree Street, N.E., Suite 1280
Atlanta, Georgia 30309
Phone: (404) 221-1000
Fax: (404) 577-3900

PEACH COUNTY

STATE OF GEORGIA

VERIFICATION

PERSONALLY APPEARED before me, the undersigned officer, duly authorized to administer oaths, Melanie Bickford, Investigator for the Byron Police Department, who, after being duly sworn, states that she has read the foregoing Plaintiff's Complaint and that the information contained therein is true and correct to the best of her knowledge and belief.

This 5th day of May, 2015.

Melanie Bickford
Investigator, Byron Police Department

Sworn to and subscribed
before me this ____ day of
May, 2015.

Notary Public
My Commission Expires:

(OFFICIAL SEAL)
NOTARY PUBLIC GEORGIA
PAM M. FLOURNOY
COUNTY OF PEACH
My Commission Expires June 30, 2017