IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPTAIN JACK'S CRAB SHACK, INC., d/b/a Captain Jack's Shack; RONNIE BARTLETT; and LEE BARTLETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>K. DAVID COOKE, JR., in his individual capacity; MICHAEL G. LAMBROS, in his individual capacity; MELANIE BICKFORD, in her individual capacity; and CHRISTINE WELCH, in her individual capacity,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:16-CV-2887-SCJ |

## ORDER

This matter appears before the Court on a variety of motions by Defendants, all seeking a stay of discovery and judgment on (or dismissal of) the claims against them. Docs. No. [105], [106], [125], [127], [131], [132], [134], [135], [137]. On April 17, 2017, the Court entered a Stay in this case, pursuant to the Younger[1] abstention doctrine, until the criminal proceedings against Plaintiffs Ronnie and Lee Bartlett were resolved. Doc. No. [82]. In November 2017, the Court lifted the stay and held a

---

[1] Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971).

hearing to determine the continued propriety of the stay. See Docs. No. [96], [108]. Since that time, Mr. Bartlett has been convicted by a jury on some counts and acquitted on others. Doc. No. [124-1]. The trial of Ms. Bartlett was severed, but Defendants aver that it "will proceed as expeditiously as practicable." Doc. No. [124], p. 2.

Defendants argue that "Plaintiffs' claims . . . are plainly barred by Heck[2] because Ronnie Bartlett was convicted of illegal gambling and his conviction has not been over turned." See, e.g., Doc. No. [131-1], pp. 6–7. Were this case brought by Mr. Bartlett alone, the Court would have little doubt as to the applicability of Heck, at least as to some of his claims.[3] His arguments that the State trial court committed "countless" errors and that the prosecution committed "misconduct" are not properly

---

[2] Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

[3] To be sure, Heck does not insulate state officials from any and all liability. An officer may not, for example, use excessive force in effecting an otherwise valid arrest. Dyer v. Lee, 488 F.3d 876, 879–84 (11th Cir. 2007). This case presents a more complicated situation. Plaintiffs argue that Defendants "fabricated inculpatory evidence"; conducted searches pursuant to warrants "issued based on [the] fabrications, material misrepresentation, and material omissions"; brought the "state criminal proceedings . . . to retaliate for the Bartletts' exercising their constitutionally protected right[s]"; etc. Doc. No. [97], pp. 18–23. Success on these claims may be "logically contradictory" to the underlying conviction, which was necessarily based on a finding that the State had valid evidence that Mr. Bartlett committed illegal commercial gambling. For the reason discussed below, the Court cannot resolve the issue at this time.

2

made to this Court. See, e.g., Doc. No. [136], pp. 6–7; Doc. No. [138], pp. 9–10. The Court understands that Mr. Bartlett makes these arguments to show the strength of his appeal, but that is not the test for deciding whether Heck applies. To avoid the application of Heck, Mr. Bartlett "must prove that [his] conviction or sentence **has been** reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," not that it might be. 512 U.S. at 486–87 (emphasis added).

But Defendants cite no authority suggesting that the conviction of Mr. Bartlett bars Ms. Bartlett from bringing the claims in this action. The fact that Mr. Bartlett was found guilty of certain offenses does not necessarily mean that Defendants had any basis for arresting Ms. Bartlett. This awkward procedural posture is complicated further by the third Plaintiff, Captain Jack's Crab Shack, Inc., and the fact that Defendants played a variety of different roles—from investigation to prosecution. Allowing this case to proceed beyond its current "embryonic stage" while the criminal prosecution of Ms. Bartlett is still pending would have untoward implications on the applicability of the Younger abstention doctrine. See Doran v. Salem Inn, Inc., 422 U.S. 922, 929, 95 S. Ct. 2561, 2566, 45 L. Ed. 2d 648 (1975); see also

Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 2292, 45 L. Ed. 2d 223 (1975). Furthermore, because a stay of this matter will not unduly prejudice the parties and will simplify the issues in this case, the Court determines that a stay, without resolving the hotly disputed motions, is appropriate. See Tomco Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

However, the Court is fully cognizant that in exercising "its discretion to stay a case pending the resolution of related proceedings in another forum, the [Court] must limit properly the scope of the stay" so that the stay is not "immoderate." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). This case has already been pending for quite some time and the stay being issued today is not license to delay matters further. The stay is issued with the understanding that the trial of Ms. Bartlett "will proceed as expeditiously as practicable." See Doc. No. [124], p. 2. If, at the end of the stay, it appears that any of the parties delayed the criminal proceedings to gain tactical advantage in this case, the Court will consider the imposition of sanctions.

This case is hereby **STAYED for 120 days** from the date of this Order. For the reasons discussed above, Defendants' Motions (Docs. No. [105], [106], [125], [127], [131], [132], [134], [135], [137]) are **DENIED as moot**. Because of the unusual

4

procedural posture of this case, the parties dispute the timeliness of Defendants' motions and the timing of discovery. The Court, thus, provides this additional clarification. Defendants have leave of Court to file motions to dismiss or for judgment on the pleadings within **7 days** of the conclusion of the stay. Discovery will not commence until the Court has ruled on such motions, if any are filed. See Howe v. City of Enter., 861 F.3d 1300, 1302 (11th Cir. 2017) (noting that it is reversible error for a district court to order discovery without first ruling on immunity defenses because "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted").

**IT IS SO ORDERED,** this 5th day of April, 2018.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE
